■ In the Matter of MAX RUBENZAHL et al., Individually and Constituting the Board of Education of Tri-Valley Central School District No. 1 of the Town of Neversink and Others, Appellants, v. BOARD OF COOPERATIVE EDUCATIONAL SERVICES of the Sole Supervisory District of Sullivan County, Respondent.— Appeal from a judgment of the Supreme Court at Special Term, entered February 26, 1971 in Sullivan County, in a proceeding under CPLR article 78

which denied a petition seeking a refund of money paid by petitioner under protest to respondent for rental of classrooms and to prohibit similar charges in the future years. Petitioner, Tri-Valley Central .School District No. 1, one of the component school districts contained in respondent Board of Cooperative Educational Services of the Sole Supervisory District of Sullivan County brought this proceeding to recover the sum of $3,203.32 which represents the amount charged to petitioner as its proportionate share of respondent's cost of renting classrooms for the school year 1967–68, and further prohibiting similar charges against petitioner for classroom rentals for the 1968–69 school year. The School Districts contained in a Board of Cooperative Educational Services are charged respectively with a proportionate share of the final budget adopted by the board. Where a component School District elects not to participate in any specific educational service offered by the board, its proportionate share is reduced by eliminating certain budgetary items. (Education Law, § 1959.) During the years in question, petitioner did not participate in any of the educational services offered by the respondent and, therefore, questions the allocation to it of a proportionate share of classroom rentals, asserting that, under section 1959, classroom rentals are not proper charges to be allocated to a component School District which does not participate in any of the programs offered by the respondent. Section 1959 provides (subd. 1) that any School District which does not participate in any specific educational services provided by a Board of Cooperative Educational Services shall not be required to pay salaries of teachers employed in providing such service, for equipment and supplies for such service or for transportation of pupils using such service but expenditures for such services program " including office and administrative expenses, traveling expenses and salaries of supervisors and all other administrative personnel necessary to carry out its program shall be deemed administrative expenses which shall be a charge upon all component school districts notwithstanding the fact that such a component school district elects to not participate in any specific program offered by the board of cooperative educational services." Petitioner contends that, since it did not participate in respondent's services program which made use of the rental classrooms, it should not be charged for the rental expense, and that such expense was for equipment employed in the service. Respondent contends that classroom rentals are an administrative expense and that petitioner, as a component district, must pay its proportionate share whether or not it in fact uses any of respondent's services. Section 1958 (subd. 4, par. p) of the Education Law empowers a Board of Cooperative Educational Services " To rent suitable classrooms " and authorize a School District " to rent or otherwise make available for offices and classrooms any schoolhouse, or part thereof ". Thus, the rental charge by a School District to a board for classrooms is a proper budgetary item. Subdivision 5 of section 1958 of the Education Law states: " any payments for rental of facilities by a board of cooperative educational services shall, for the purposes of apportionment of public moneys to the board of cooperative educational services by the state of New York, be deemed to be an administrative expense ". Subdivision 9 of section 1689 of the Public Authorities Law states: " 9. Any payment required to be made by a board of cooperative educational services to the [New York State Dormitory] authority shall be deemed an administrative expense within the meaning of section nineteen hundred fifty-eight of the education law." These statutes are *in pari materia* with section 1959 of the Education Law, and when read together, lead to the conclusion that classroom rentals are an administrative expense toward which petitioner must contribute proportionately. Judgment affirmed, with costs to respondent. Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and Cooke, JJ., concur.